UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE SANCHEZ-MARTINEZ,<br><br>Defendant. | NO. CR-09-061-JLQ<br><br>**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS INDICTMENT** |

**BEFORE THE COURT** is the Defendant's Motion to Dismiss Indictment (Ct. Rec. 37). The Government has responded in opposition (Ct. Rec. 38) and the Defendant has replied (Ct. Rec. 45). The court heard oral argument on the Motion on June 22, 2010. Assistant United States Attorney Pam Byerly represented the Government. Kim Deater participated on behalf of the Defendant, who was present. For the reasons stated herein and in court, the Motion is **GRANTED**.

I. Introduction

The Defendant, Jose Adrian Sanchez-Martinez ("Sanchez-Martinez") was born in Mexicali, Mexico, on February 27, 1978. When he was 19 months old, Mr. Sanchez-Martinez was brought to the United States by his mother. Raised primarily in Othello, Washington, Mr. Sanchez-Martinez spent the majority of his formative years in the United States. All of Mr. Sanchez-Martinez' close relatives, including his wife and four children, reside in the United States and are United States citizens.

ORDER - 1

On August 3, 1998, Mr. Sanchez-Martinez pled guilty to one count of Failure to Register as a Sex Offender, his first adult adjudication. This conviction was based upon the juvenile offender conviction. As a result of this plea, Mr. Sanchez-Martinez was served with a Notice to Appear at a deportation hearing, the validity of which he now contests. This hearing occurred on August 12, 1998. Mr. Sanchez-Martinez elected to proceed without counsel, and he confirmed that he entered the United States illegally and was thus subject to removal. The presiding Immigration Judge mused about Mr. Sanchez-Martinez' eligibility for voluntary departure, but immediately decided that he was ineligible therefor, based on Mr. Sanchez-Martinez' juvenile adjudication for Second Degree Rape of a Child.[1] At the conclusion of the hearing, the Immigration Judge asked all present whether they accepted his decision of removal as final or wished to appeal. Mr. Sanchez-Martinez stated "final." Mr. Sanchez-Martinez was then ordered removed and deported from the United States on August 14, 1998 at El Paso, Texas.

Mr. Sanchez-Martinez was deported on six occasions between 2000 and 2003. On each of these occasions the August 12, 1998 deportation order was reinstated without contestation. On June 16, 2009, Mr. Sanchez-Martinez was convicted for failing to register as a sex offender and sentenced to 17 months incarceration. On April 9, 2009, while in custody on the pending state matter, Mr. Sanchez-Martinez was served with another Notice of Reinstatement of the 1998 deportation order.

On April 29, 2009, Mr. Sanchez-Martinez was indicted on one count of being an Alien in the United States After Deportation, in violation of 8 U.S.C. § 1326. After two Motions to Continue to accommodate acquisition of materials

---

[1] Mr. Sanchez-Martinez engaged in consensual sexual relations with his also-underage girlfriend.

ORDER - 2

related to his August 1998 deportation hearing, Mr. Sanchez-Martinez filed the Motion to Dismiss Indictment currently before the court.

## II.  Discussion

"In a criminal prosecution under § 1326, the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation." *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998), *cert. denied*, 525 U.S. 849 (1998), *overruled on other grounds by U.S. v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002)(en banc). A defendant charged with illegal reentry under 8 U.S.C. § 1326 may not collaterally attack the underlying deportation order if he or she did not exhaust available administrative remedies in the deportation proceedings, including direct appeal of the deportation order.  Accordingly, a valid waiver of the right to appeal a deportation order precludes a later collateral attack.  *U.S. v. Garza-Sanchez,* 217 F.3d 806, 808 (9th Cir. 2000).  Due process requires that, to be valid, such a waiver must be "considered and intelligent." *U.S. v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987). The Government bears the burden of proving the validity of a waiver of appeal. *Zarate-Martinez,* 133 F.3d at 1197.

The Government has not carried its burden of proving the validity of Mr. Sanchez-Martinez' waiver of appeal in the 1998 deportation proceeding.   Upon review of the transcript and the recording of Mr. Sanchez-Martinez' 1998 deportation hearing, this court is  unable to conclude that Mr. Sanchez's alleged waiver of appeal was considered and intelligent.  The merest cursory references to appeal were made, the substance thereof left completely unexplained.

Furthermore, A waiver of appeal cannot be considered or intelligent if the record contains an inference that the alien is eligible for relief from deportation, but the immigration judge fails to advise him of this possibility and give him the opportunity to develop the issue.  *U.S. v. Pallares-Galan*, 359 F.3d 1088, 1096 (9th Cir. 2004).  Mr. Sanchez-Martinez, despite being a long-time resident of the

ORDER - 3

United States and possessing close family ties thereto, was afforded no opportunity to present these facts or develop his case for voluntary departure. Accordingly,

**IT IS HEREBY ORDERED:**

The Defendant's Motion to Dismiss Indictment (Ct. Rec. 35) is **GRANTED.** warrant issued thereunder for Mr. Sanchez-Martinez's arrest is recalled and of no further affect.

The Clerk is hereby directed to enter this Order, enter judgment dismissing the Indictment with prejudice, furnish copies to counsel, and close the case file.

**DATED** this 22nd day of June, 2010.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4